**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL DELUCA | : | |
| 750 Croton Rd. | : | |
| Wayne, PA 19087 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.: |
| | : | |
| v. | : | |
| | : | |
| JOHN KENNEDY SUBARU, INC. | : | |
| d/b/a John Kennedy Subaru of | : | |
| Plymouth Meeting | : | |
| 1201 E. Ridge Pk. | : | |
| Plymouth Meeting, PA 19462 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      This action has been initiated by Michael Deluca (hereinafter referred to as "Plaintiff") against John Kennedy Subaru, Inc. (hereinafter referred to as "Defendant"). Plaintiff asserts violations of the Americans with Disabilities Act, as Amended ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*), the Pennsylvania Human Relations Act ("PHRA). Plaintiff contends he was subjected to discriminatory and retaliatory mistreatment while employed (as explained *infra*) and that he was unlawfully terminated from his employment.

## JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.     This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.     Plaintiff is proceeding herein under ADA and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## **PARTIES**

6.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.     Plaintiff is an adult individual, with an address as set forth in the caption.

8.     Defendant a full-service primary care community health system.

9.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

2

**FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant on or about July 10, 2024, in an entry level Service Technician position.

12. Defendant hired Plaintiff with knowledge of his limited, service technician experience with the expectation that he would learn most of the role through on-the-job training.

13. At all times during his employment with Defendant, Plaintiff was supervised by Service Manager—Steve Von Alst (hereinafter "Von Alst").

14. Prior to his unlawful termination on or about October 28, 2024 (discussed *infra*), Plaintiff was an eager and quick learner as well as a dedicated employee.

15. Plaintiff has and continues to suffer from ADA-qualifying disabilities, including but not limited to herniated discs, irritable bowel syndrome ("IBS"), and a schizoaffective disorder.

16. Due to his aforementioned disabilities, Plaintiff (at times) is significantly limited in his ability to perform major life activities such as toileting, eating, digesting, sleeping, and standing.

17. Despite his disabilities, Plaintiff was able to perform the essential functions of his job within Defendant, although he at times required reasonable accommodations, such as extended restroom breaks and intermittent leave when he was experiencing an IBS flareup and/or to attend medical appointments (no more than 2-3 days per month).

18. Plaintiff made Von Alst aware of his disabilities and shortly after starting his employment with Defendant he requested several ADA accommodations from Von Alst, including but not limited to: (1) extended bathroom breaks; (2) arriving several minutes late to work after a

3

flareup of his disabilities, (3) leaving early from his shift due to a flare up of his disabilities, and (4) taking an occasional day off to care for and/or treat his disabilities.

19.    Plaintiff also offered to provide medical documentation to support his need for intermittent leave as a reasonable accommodation under the ADA.

20.    For the first several weeks of his employment, Von Alst assured Plaintiff that his utilization of intermittent leave was not an issue and that simply notifying him of his need for disability-related time off was sufficient.

21.    After approximately one month of utilizing reasonable accommodations, such as the aforementioned restroom breaks during his shifts and intermittent leave, it became apparent that Von Alst did not want to continue accommodating Plaintiff's disabilities.

22.    For example, but not intending to be an exhaustive list, Von Alst began to:

    i.    persistently question Plaintiff about and comment on his disabilities and insist that he go to see a physician;

    ii.    scrutinize Plaintiff's work in a way that he did not scrutinize other service technicians;

    iii.    yell and curse at Plaintiff in front of other employees, and on one occasion told Plaintiff to "get his shit together" and that he was a "mess" in front of Customer Service Representatives -- Josh Selby, Brandon Doll, and Tyler Heyman; and

    iv.    humiliate Plaintiff in front of other employees over dress code enforcement.

23.    For context regarding the aforesaid dress code enforcement: sometime in or about September of 2024, Von Alst informed Plaintiff that he wanted him to start wearing steel-toed boots.

24.    In response to Von Alst's aforesaid directive, Plaintiff immediately placed an online order for the boots.

25.    Approximately two (2) days after Von Alst's directive to wear steel-toed boots, he confronted Plaintiff while he was working because he did not have the boots yet.

26.    Plaintiff explained that he ordered the boots but was still waiting for them to be delivered.

27.    Despite Plaintiff's explanation, Von Alst yelled at Plaintiff in front of all the other technicians about the alleged dress code violation and sent him home early.

28.    Von Alst also informed Plaintiff that he could not return to work until he had steel-toed boots.

29.    As a result, Plaintiff was out of work for at least two (2) days without pay until his boots arrived.

30.    Upon information and belief, several other technicians who were supervised by Von Alst did not wear steel-toed boots and Von Alst never sent them home early, took them off the schedule, or subjected them to hostility and humiliation in front of all the other staff, like he did to Plaintiff.

31.    In or about mid-October of 2024, Von Alst introduced Plaintiff to several newly hired Service Technicians and informed him that he would be responsible for helping supervise and train them.

32.    At this point, Von Alst was aware that Plaintiff was new to the company, still training, and lacked experience in his position based on his transparency at the time of his hire.

33.    However, despite the foregoing, Plaintiff did not complain about the move to this supervisory role because he intended to try his best and continue performing well.

34.    Plaintiff also wanted to avoid any retaliation for complaining or rejecting the new assignment, considering Von Alst was already treating him with hostility due to his need for and utilization of reasonable disability accommodations.

35.    On or about October 26, 2024, Von Alst instructed a new Service Technician, Jake (last name unknown, "Jake") to shadow and assist Plaintiff with his work as part of his training.

36.    While working on their first assignment of the day, Plaintiff and Jake learned that parts of the car were corroded and falling apart.

37.    Plaintiff informed Von Alst of the condition of the car and requested that someone with more experience work on the car since the job required a higher level of skill than he could provide.

38.    Von Alst agreed that a more experienced technician should work on the car and reassigned the job to Service Technician, Ryan Reisted ("Reisted").

39.    While Reisted worked on the aforesaid car, he allowed Jake to assist him and secure the car's tires.

40.    On or about October 28, 2024, Plaintiff learned that during the aforementioned October 26, 2024 job, Jake secured the tires on the car incorrectly, Reisted had not caught Jake's mistake, and the customer had come back complaining that their wheel was falling off.

41.    Upon information and belief, neither Reisted nor Jake were disciplined for this work error and remained employed with Defendant.

42.    Sometime on or about October 28, 2024, Plaintiff received a call from Von Alst wherein Von Alst informed Plaintiff that he was terminated.

43.    Von Alst stated that the reason for Plaintiff' termination was because on October 26, 2024, the same date as the aforementioned tire incident with Reisted/Jake's assignment, a

6

different customer alleged that their tire had fallen off on a car that had Plaintiff's name attached to the work report.

44. Von Alst knew that Jake was shadowing Plaintiff on October 26, 2024 because he was the person who assigned them to work together.

45. Plaintiff explained to Von Alst that on the date of the incident he was in the restroom and had instructed Jake not to work on the car while he was gone; however, when he returned from the restroom, Plaintiff learned that Jake worked on the car anyway.

46. Main Shop Technician, Chaz (last name unknown "Chaz") was present with Jake when Plaintiff returned from the restroom and had inspected the car after Jake completed the work and determined that the car passed inspection.

47. Chaz was more tenured, experienced, and skilled than Plaintiff and had even reviewed Jake's work before returning the car to its owner.

48. Upon information and belief, despite the foregoing, Von Alst did not discipline Chaz or Jake for their role in the aforesaid incident.

49. Furthermore, during their call on October 28, 2024, Von Alst informed Plaintiff that the alleged mistake was grounds for immediate termination, despite the fact that Reisted had made virtually the same mistake on the same date while working with Jake and was not terminated, like Plaintiff.

50. After Plaintiff filed his Charge of Discrimination with the EEOC, Defendant changed it reasoning for Plaintiff's termination (presumably because it knew that the aforesaid comparator would call into question its initial reason for Plaintiff's termination) and claimed that it terminated Plaintiff because of his "chronic unreliability" in relation to his non-disability related absences – which was never told to Plaintiff at the time of his termination.

7

51.     Based on the foregoing, Plaintiff believes and therefore avers that Defendant terminated him for discriminatory ad retaliatory reasons under the ADA and PHRA.

**Count I**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; &**
**[3] Hostile Work Environment; [4] Failure to Accommodate)**

52.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53.     Plaintiff was subjected to disparate treatment, derogatory comments, and discriminatory/retaliatory harassment because of his disability and/or because he requested/utilized reasonable accommodations, such that he was subjected to a hostile work environment.

54.     Plaintiff's actual, perceived and/or record of disability was a motivating or determinative factor in Defendant's decisions to issue him discipline and ultimately terminate his employment.

55.     Plaintiff also believes and avers that Defendant issued him pretextual discipline and then terminated his employment in retaliation for engaging in protected activity under the ADA.

56.     Lastly, Plaintiff believes and avers that Defendant failed to accommodate his disability and considered disability-related absences in making the decision to terminate his employment.

57.     These actions as aforesaid constitute violations of the ADA, as amended.

8

## Count II
## Violations of the Pennsylvania Human Relations Act ("PHRA")
### ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; & [3] Hostile Work Environment; [4] Failure to Accommodate)

58.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

59.    Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count I of the instant Civil Action Complaint, as such actions constitute identical violations of the PHRA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B.    Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant and other employers from engaging in such misconduct in the future;

C.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

D.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law;

E.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

9

F.      Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: August 11, 2026

10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Michael Deluca                                        :             CIVIL ACTION
                     :
        v.                :
                     :

John Kennedy Subaru, Inc. d/b/a John Kennedy Subaru of Plymouth Meeting.   NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (x )

| 8/11/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:***   Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same    Yes ☐
    individual?

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.   *Federal Question Cases:***

☐  1.   Indemnity Contract, Marine Contract, and All Other Contracts)
☐  2.   FELA
☐  3.   Jones Act-Personal Injury
☐  4.   Antitrust
☐  5.   Wage and Hour Class Action/Collective Action
☐  6.   Patent
☐  7.   Copyright/Trademark
☐  8.   Employment
☐  9.   Labor-Management Relations
☒  10.  Civil Rights
☐  11.  Habeas Corpus
☐  12.  Securities Cases
☐  13.  Social Security Review Cases
☐  14.  Qui Tam Cases
☐  15.  Cases Seeking Systemic Relief **\*see certification below\***
☐  16.  All Other Federal Question Cases. *(Please specify)*:_____

**B.   *Diversity Jurisdiction Cases:***

☐  1.   Insurance Contract and Other Contracts
☐  2.   Airplane Personal Injury
☐  3.   Assault, Defamation
☐  4.   Marine Personal Injury
☐  5.   Motor Vehicle Personal Injury
☐  6.   Other Personal Injury *(Please specify)*:_____
☐  7.   Products Liability
☐  8.   All Other Diversity Cases:  *(Please specify)*_____
        _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DELUCA, MICHAEL

**(b)** County of Residence of First Listed Plaintiff   Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

JOHN KENNEDY SUBARU, INC. D/B/A JOHN KENNEDY SUBARU OF PLYMOUTH MEETING
County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Pharmaceutical Slander Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | Liability ☐ 368 Asbestos Personal ☐ 340 Marine Injury Product | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle ☐ 371 Truth in Lending Product Liability ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | Exchange |
| | ☐ 362 Personal Injury - Product Liability Medical Malpractice | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Sentence Accommodations ☐ 530 General | | or Defendant) ☐ 871 IRS—Third Party | Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | mployment **Other:** ☐ 446 Amer. w/Disabilities - ☐ 540 Mandamus & Other | **IMMIGRATION** ☐ 462 Naturalization Application | | State Statutes |
| | Other ☐ 550 Civil Rights ☐ 448 Education ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)
Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.   DEMAND $   CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE 8/11/2026   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____